NATHAN BERNSTEIN, AS A CITIZEN AND TAXPAYER OF THE BOROUGH OF POMPTON LAKES, PLAINTIFF, v. DONALD KROM AND THE MAYOR AND COUNCIL OF THE BOROUGH OF POMPTON LAKES, DEFENDANTS.

Superior Court of New Jersey
Law Division

Argued December 12, 1969—Decided December 18, 1969.

*Mr. Nathan Bernstein* appeared for plaintiff (*Messrs. Slingland, Bernstein & Van Hartogh,* attorneys).

*Mr. Lawrence Isenberg* appeared for defendants (*Messrs. Isenberg & Isenberg,* attorneys).

ROSENBERG, J. C. C. (temporarily assigned). Plaintiff has brought an action in lieu of prerogative writs to remove Donald Krom from the office for which he was appointed to fill the vacancy of Councilman William Schneider whose term would have terminated December 31, 1970.

Krom was elected as a councilman of the Borough of Pompton Lakes, New Jersey, for a term commencing January 1, 1966 and expiring December 31, 1968. He ran for re-election on November 5, 1968 and was defeated. On December 4, 1968 Councilman Schneider resigned as councilman, which resignation was duly accepted. His term, as stated, would have terminated December 31, 1970. On December 18, 1968 Krom resigned and his resignation was duly accepted. Thereafter Krom was appointed by the mayor and council of the borough to fill the vacancy created by

Schneider. In the election held November 4, 1969, Krom was elected as councilman for a term of one year commencing January 1, 1970.

Plaintiff's claim is that the appointment of Krom was invalid under *N. J. S. A.* 40 :46–5, which reads as follows :

Members of governing body ineligible for certain offices.

No member of any governing body of any municipality shall, during the term for which he shall have been elected or appointed such member, be eligible for election or appointment to an office required to be filled by the governing body of which he is a member, unless such office is required by law to be filled by a member of such governing body ; provided, nothing herein contained shall prohibit a councilman or alderman or commissioner or member of a township committee from resigning as councilman or alderman or commissioner or member of a township committee and being appointed to a *position* required to be filled by the governing body of a municipality during the time for which he was elected such councilman or alderman or commissioner or member of the township committee ; provided, further, that said *position* shall have been in existence and continuously filled for 5 years or more prior to the passage of this act or was created by statute ; provided, said *position* was not created during said term of office ; and provided further, that the salary of said office shall not be increased during the term for which said councilman or alderman or commissioner or member of the township committee was elected. [Emphasis added]

Defendant concedes that plaintiff has standing to bring this action as a citizen and taxpayer and as an inhabitant of the municipality. *Goff v. Hunt,* 6 *N. J.* 600 (1951) ; *N. J. S. A.* 2A :66–6. The parties have agreed to the above-stated facts.

Normally the time in which an action in lieu of prerogative writs may be brought in a matter such as this is no later than 45 days after the accrual of the right to review or relief claimed. However, the court may enlarge the period of time provided in paragraph (a) of the rule where it is manifest that the interests of justice so require. *R.* 4 :69–6 (a) (c). I have enlarged the period of time in the interest of public importance.

█ It is quite clear from the facts that the resignation of Krom had but one purpose, and that was to extend his

term of office beyond December 31, 1968, and was in opposition to *N. J. S. A.* 40:46–5. Such appointment does not have the color of law.

In the case of *Doughty v. Scull, N. J.*, 96 *A.* 564 (1915), our former Supreme Court held that where a member of the common council of a city resigned so that he might be appointed to fill a vacancy, the term of which would continue for two years longer than his own, his selection to fill the vacancy was void. 3 *C. S.* (1910), § 79, at 3478, prevented a member of a common council from resigning so that he might be appointed to fill a vacancy, the term of which was longer than his own. The statute provided that "no member of any * * * common council, * * * during the term for which he shall have been elected such member, [shall] be eligible for election or appointment to any office that is now or hereafter may be by law required to be filled by any such * * * council * * * of which he is such member." That is precisely the situation before me now. The question, then, is whether the amendments to the statute cited above, incorporated in *N. J. S. A.* 40:46–5, must also be said to have overruled the holding in *Doughty.* For the following reasons I am satisfied that the statutory amendments have not had this effect.

Members of the governing body of a municipality have traditionally been classified as officers of the municipality. *Rhyne, Municipal Law,* § 8–2, at 117 (1957). Defendant urges that this court give a liberal construction to the use of the word "position" in *N. J. S. A.* 40:46–5, so that an "office" is included therein. It would then follow that the action which is in question would come within the enumerated exceptions set out in *N. J. S. A.* 40:46–5. I find, however, that the courts of this State have distinguished "office" from "position." See *Kovalycsik v. Garfield,* 58 *N. J. Super.* 229, 236 (*App. Div.* 1959), where Judge Conford indicated that "an 'office' presupposes employment which is governmental in character and duties certain and permanent; in a position the duties, while certain and

permanent, may or may not be governmental (and are not assigned to it by any public law of this state)." See also, *Stewart v. Freeholders of Hudson,* 61 *N. J. L.* 117, 118 *(Sup. Ct.* 1897) ; *Lewis v. Jersey City,* 51 *N. J. L.* 240 *(Sup. Ct.* 1889). I further hold that even if the Legislature intended to include "office" in the use of the word "position" in *N. J. S. A.* 40 :46–5, this intention must not be allowed to control *on the facts of this case* since, in construing a statute, a purpose to disregard sound public policy must not be attributed to the law-making power except upon the most cogent evidence. *Jersey City Gaslight Co. v. Consumers' Gas Co. of Jersey City,* 40 *N. J. Eq.* 427, 430 *(Ch.* 1885). Such a sound public policy is present in this case. This court will not tolerate this sort of manipulation, which could conceivably allow a person to remain in public office for a long period of time without being subject to the public vote. This practice was condemned by our Supreme Court in 1915 in *Doughty, supra,* and is now condemned by this court in 1969.

▓ I find the appointment of Donald Krom to the council of the Borough of Pompton Lakes invalid. In addition thereto, any actions taken by the mayor and council of the borough during Krom's invalid holding of office are not affected for the reason that he was at least a *de facto* member of the council. *Brinkerhoff v. Jersey City,* 64 *N. J. L.* 225 *(E. & A.* 1900).